UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMAS D. CUESTA, SR.,

    Petitioner,

v.                                                 Case No. 21-CV-695

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Tomas D. Cuesta, Sr., who is currently incarcerated at the Stanley Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 14.) Cuesta, a permanent legal alien in the United States, is currently in state custody pursuant to a 2001 conviction and sentence for aggravated battery, false imprisonment, and second-degree recklessly endangering safety in Dane County Case No. 00CF1226. (*See Cuesta v. Richardson*, 17-CV-623 (E.D. Wis.), Docket # 10.) On August 30, 2001, the Immigration and Naturalization Service ("INS") filed a detainer while Cuesta was being held in the Wisconsin Department of Corrections. (Declaration of Deportation Officer Thomas Moore ("Moore Decl.") ¶ 7, Docket # 19-1.) Cuesta now challenges his detention by United States Immigration and Customs Enforcement ("ICE"), alleging that he has been detained without a hearing and thus denied procedural due process. (Docket # 14.) For the reasons explained below, Cuesta's petition for a writ of habeas corpus is denied and the case is dismissed.

## BACKGROUND

*1.    Immigration Proceedings*

Cuesta is a native and citizen of Cuba. (Moore Decl. ¶ 5.) He was paroled into the United States in 1980 for emergent and humanitarian reasons. (*Id.*) The parole document noted that parole would be terminated if Cuesta were to be convicted of a felony offense or serious misdemeanor. (*Id.*) In 2001, Cuesta was convicted and sentenced for aggravated battery, false imprisonment, and second-degree recklessly endangering safety in Dane County Case No. 00CF1226. (*Id.* ¶ 6, Ex. B.) Cuesta is currently incarcerated at the Stanley Correctional Institution pursuant to this state court conviction and is scheduled to be released to extended supervision on June 10, 2025. (Declaration of Kimberley Murphy ¶ 7, Docket # 19-2.) Cuesta came to the attention of ICE after his 2001 felony convictions and on August 30, 2001, INS filed a detainer while Cuesta was being held in the Wisconsin Department of Corrections. (Moore Decl. ¶ 7.)

ICE avers that it intends to withdraw the August 2001 detainer sometime in the near future and serve a new detainer based on the language currently used in ICE detainers. (*Id.* ¶ 9.) With its reply brief, ICE avers that on February 14, 2022, ICE indeed withdrew the original August 30, 2001 detainer and replaced it an updated detainer. (April 7, 2022 Declaration of Thomas Moore ("Apr. Moore Decl.") ¶ 5, Ex. A, Docket # 22-2.)

ICE avers that while a Notice to Appear (which is the charging document used to initiate removal proceedings in the United States Immigration Courts) setting an initial hearing in February 2021 was served on Cuesta, this Notice to Appear was not approved for filing and was effectively cancelled. (Moore Decl. ¶ 12.) As such, Cuesta does not currently

2

have an active removal case and removal proceedings will not begin until Cuesta is detained at an ICE detention facility following his expected release date in June 2025. (*Id.*)

    2.    *Prior Habeas Corpus Petitions*

Cuesta filed his first habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction in Dane County Case No. 00CF1226 in the Eastern District of Wisconsin in July 2004. *See Cuesta v. Bertrand*, Case No. 04-CV-645 (E.D. Wis). That petition was dismissed on the merits in July 2005 as untimely. (Docket # 24 in Case No. 04-CV-645.) Cuesta then filed a petition pursuant to § 2241. *See Cuesta v. O'Donnell, et al.*, Case No. 04-CV-804 (E.D. Wis.). Cuesta was told that because he was in state custody pursuant to a state court judgment, his petition should have been brought pursuant to § 2254. (Docket # 6 in Case No. 04-CV-804.) The petition was dismissed in November 2004. (*Id.*) Cuesta then filed a second petition pursuant to § 2254 in September 2007, which was dismissed on the ground that Cuesta did not qualify as indigent. *See Cuesta v. Pollard*, Case No. 07-CV-843 (E.D. Wis.).

In 2010, Cuesta filed a third § 2254 petition in the Western District of Wisconsin, which was dismissed in January 2011 on the ground that it was an unauthorized second or successive petition. *See Cuesta v. Pollard, et al.*, Case No. 10-CV-107 (W.D. Wis.). Also in 2011, Cuesta filed two requests in the Seventh Circuit for permission to file a second or successive habeas petition, and those requests were denied in February 2011. (Docket # 17 at 2 in *Cuesta v. Pugh*, Case No. 13-CV-1303 (E.D. Wis.)). Cuesta then filed a fourth § 2254 petition, again in the Eastern District of Wisconsin, concerning his 2001 conviction. *See id.* This petition was dismissed in June 2014 as an unauthorized second or successive petition. *Id.* In May 2017, Cuesta again filed a § 2241 petition; however, the Court found the petition was properly

3

brought under § 2254, not § 2241, and dismissed it as an unauthorized second or successive petition. (Docket # 13 in Case No. 17-CV-623.)

In this most recent case, Cuesta initially brought his habeas petition pursuant to § 2254, alleging that Immigration placed a detainer on him "without any opportunity of procedural due process" and has refused to provide him records regarding the detainer. (Docket # 1 at 2.) After screening the petition, however, I determined that it was properly brought under § 2241, not § 2254 and that the proper defendant was not the warden of the institution where Cuesta is incarcerated, but the U.S. Citizenship and Immigration Services. (Docket # 9 at 2–3.) Cuesta subsequently filed an amended petition under § 2241 against ICE. (Docket # 14.) In this petition, he alleges that ICE placed a detainer on him without a hearing and that the detainer was not issued by a judicial officer. (*Id.* at 10.) He alleges that the detainer has prevented his movement to a minimum security institution and has negatively impacted his ability to obtain rehabilitative services. (*Id.*) The respondent has moved to dismiss Cuesta's amended petition on the ground that Cuesta is not in "custody" for purposes of § 2241, or alternatively, that the detainer is lawful in all respects and thus he is not in custody in violation of the laws of the United States and/or he has failed to exhaust his administrative remedies. (Docket # 19.)

## ANALYSIS

1. *Initial Matter*

Cuesta brings this latest habeas petition pursuant to § 2241 and states in a "clarification" attached to his brief in opposition to the respondent's motion to dismiss that he "is not attacking his state conviction nor sentencing." (Docket # 21-1 at 28.) However, that is precisely what Cuesta does in his brief in opposition to the respondent's motion to

4

dismiss. Cuesta's brief focuses almost exclusively on alleged constitutional violations that occurred during his state court proceedings that led to his conviction in Dane County Case No. 00CF1226. (Docket # 21.)

Cuesta has been repeatedly told that he cannot file a second or successive habeas petition under § 2254 without first obtaining permission from the Seventh Circuit. Cuesta has attempted, and failed, to obtain such permission from the court of appeals twice. Cuesta cannot, however, continue filing habeas petitions challenging the constitutionality of his 2001 conviction and sentence under the guise of § 2241 in an attempt to skirt the law prohibiting the filing of second or successive habeas petitions. Cuesta is warned that further filings of this nature may lead to the imposition of sanctions. *See Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004).

### 2. *Merits of the Petition*

Despite Cuesta's failure to challenge the merits of ICE's motion to dismiss regarding the detainer, I will address ICE's arguments regarding the merits of Cuesta's petition. Again, ICE argues that Cuesta's petition should be dismissed because: (1) Cuesta is not "in custody" pursuant to § 2241; thus, this Court lacks habeas jurisdiction; (2) even if Cuesta is "in custody," the detainer is lawful; and (3) Cuesta has failed to exhaust his administrative remedies. I will address each argument in turn.

#### 2.1 "Custody" for Purposes of § 2241

ICE argues that Cuesta is not entitled to relief under § 2241 because he is not "in custody" pursuant to the statute. (Docket # 19 at 9.) Despite Cuesta's assertions to the contrary (Docket # 21 at 1), Cuesta is currently incarcerated at the Stanley Correctional Institution pursuant to the judgment and sentence of the state court in Dane County Case No.

5

00CF1226. During Cuesta's incarceration, INS filed a detainer. (Moore Decl. ¶ 7.) A detainer is a notice directed to any other Federal, State, or local law enforcement agency and serves "to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a). Detainers need not be issued by a judicial officer. Rather, officers authorized to issue detainers include border patrol agents, deportation officers, and immigration inspectors, amongst others. *Id.* § 287.7(b). As such, Cuesta has not been in "pretrial detention" for over 19 years because of the detainer, as he claims. (Docket # 21 at 1.)

Because Cuesta is in the physical custody of Wisconsin officials, to obtain relief pursuant to § 2241, he must be in the custody of immigration officials, as the term "custody" is defined in the context of federal habeas law. Although multiple courts of appeals have held that an immigration notice of detainer does not place the prisoner in the custody of immigration officials, *see Hall v. Clarke*, No. 14-CV-1538, 2015 WL 365561, at *2 (E.D. Wis. Jan. 27, 2015) (collecting cases), the Court of Appeals for the Seventh Circuit left the door open to the possibility that a person subject to an immigration detainer might be in custody sufficient to seek relief by way of a federal habeas corpus petition, *see Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988); *see also Blanchard v. Varga*, 843 F. App'x 817, 818 (7th Cir. 2021) ("Under the Supreme Court's expanded definition of 'custody' as used in 28 U.S.C. § 2241, a prisoner incarcerated in one jurisdiction may challenge a detainer lodged by another jurisdiction.").

In *Vargas*, the court concluded that the relevant question in determining whether the detainer places the individual in "custody" pursuant to § 2241 is whether the effect of the detainer is for the current custodian to hold the "prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement." 854 F.2d at 1032. If the answer is yes, then the detainer is sufficient to establish custody for habeas purposes. *Id.* In Cuesta's case, the detainer form contains five checkboxes corresponding to various potential actions the Department of Homeland Security ("DHS") requests the institution take:

- maintain custody of an individual for a period not to exceed forty-eight hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for DHS to assume custody of the individual pursuant to 8 CFR § 287.7;

- sign and return a copy of the form;

- notify DHS of the time of release at least thirty days prior to release or as far in advance as possible;

- notify DHS in the event of the inmate's death or transfer to another institution; and

- cancel the detainer

(Moore Decl. ¶ 7, Ex. C.) The first four boxes on Cuesta's detainer form are checked. (*Id.*) Only the first option, however, seems to potentially fulfill the "custody" requirements of *Vargas*. As one court in this district stated:

> One box corresponds to a request that, once the prisoner is eligible for release, he be held for up to 48 hours to permit immigration officials to take him into custody. *See* DHS Form I–247. If this box was checked on [petitioner's] form, then under *Vargas* [petitioner] would appear to be in the custody of immigration officials for purposes of 28 U.S.C. § 2241.

*Hall*, 2015 WL 365561 at *3. In *Villars v. Kubiatowski*, 45 F. Supp. 3d 791 (N.D. Ill. 2014), a district court in this circuit found that what 8 C.F.R. § 287.7(d) authorizes is for an agency to

7

simply maintain custody of the alien for a period not to exceed 48 hours to permit assumption of custody by ICE; but that "nowhere does it authorize the detention of an alien for 48 hours *after local custody over the detainee would otherwise end.*" *Id.* at 807 (emphasis in original). Following the lead of the Third Circuit in *Galarza v. Szalczyk*, 745 F.3d 634, 640 (3d Cir. 2014), the *Villars* court found that despite the words "shall maintain custody" appearing in § 287.7(d), the words must be read in the context of the regulation as a whole, which refers to the detainer as a "request" throughout the regulation. *Id.* In finding that the regulation did not authorize detention of a noncitizen for 48 hours after local custody would have otherwise ended, the *Villars* court considered that no federal courts of appeals has ever described an ICE detainer as anything but a request, that Congress did not authorize DHS to command the detention of aliens, and that all relevant federal agencies and departments consider ICE detainers to be requests. *Id.*

Interestingly, when DHS revised its Form I-247A, the relevant checkbox option now specifically states:

- **Maintain custody** of the alien for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody.

(Apr. Moore Decl. ¶ 5, Ex. A.) In other words, now the form specifically asks the authority to maintain custody for a period of time *after* the local custody ends.

Following the rationale of *Villars*, ICE argues that a detainer is merely a *request* to hold the noncitizen, not a command, and that each facility will determine whether it will honor or disregard the detainer. (Docket # 19 at 4.) For Stanley Correctional, where Cuesta is currently held, ICE puts forth the declaration of the Institution's records supervisor, Kimberly Murphy, who avers that although Stanley Correctional will make efforts to notify immigration officials

8

of Cuesta's upcoming release from custody, it is the Institution's policy to release inmates when their state sentences are complete. (Murphy Decl. ¶¶ 9–10.) In other words, if ICE does not take Cuesta into custody upon his release date, the Institution will *not* hold him beyond that date, notwithstanding the detainer. As such, ICE argues that under *Vargas*, the current custodian (Stanley Correctional) is not holding Cuesta for a future custodian who has evidenced an intent to retake the prisoner at the end of his confinement, *see* 854 F.2d at 1032, because the State of Wisconsin will *not* extend Cuesta's period of incarceration beyond the date that would otherwise apply. (Docket # 19 at 12.)

The *Vargas* court's rationale counsels against creating a bright-line rule that a checkmark on the first box of DHS Form I–247 automatically creates the requisite custody to obtain habeas jurisdiction under § 2241. It is clear that whether the requisite custody exists depends on what effect the detainer actually has on the noncitizen, as established by the record evidence. *See* 854 F.2d at 1033. In this case, ICE presents evidence that even when the Stanley Correctional Institution receives detainer forms with the first box checked, it is the Institution's policy to release inmates when their state sentences are complete, regardless of the detainer language "requiring" the Institution to detain the noncitizen. (Murphy Decl. ¶¶ 8–9.) Murphy avers that the "above-quoted language in detainers would not result in an inmate's detention being extended beyond his otherwise applicable release date." (*Id.* ¶ 9.) Cuesta does not put forth any evidence contrary to ICE's assertion. For this reason, I find that Cuesta is not "in custody" and thus there is no habeas jurisdiction under § 2241.

2.2    Legality of Detainer

Even assuming, however, that Cuesta is in custody under § 2241, he has not demonstrated that his custody pursuant to the detainer is unlawful. *See* 28 U.S.C. § 2241(c)(3).

9

Cuesta asserts that he has been illegally detained because the detainer was not issued by a court, because he was not given a hearing prior to issuance of the detainer, and because the February 17, 2021 hearing was cancelled. (Am. Petition at 10.) He also asserts that he has been unable to participate in certain programs, obtain certain work assignments, or be transferred to a different institution because of the detainer. (*Id.* at 12.)

None of these arguments show that the detainer deprives Cuesta of a constitutional or other federal legal right. To begin, a detainer need not be issued by a court. As stated above, 8 C.F.R. § 287.7(b) permits multiple officers, including deportation officers, to issue detainers. Nor does § 287.7 require a hearing before a detainer is issued. Furthermore, the cancelled February 17, 2021 hearing was meant to address Cuesta's removal proceedings, not the detainer. (Moore Decl. ¶ 12.) It appears that the February 2021 hearing was erroneously set, as removal proceedings will not begin until Cuesta is released from state custody and detained by ICE. (*Id.*) This is why the hearing was ultimately cancelled and there are currently no removal proceedings pending against Cuesta. (*Id.*) Finally, while Cuesta asserts that the detainer detrimentally impacts the conditions of his incarceration, he presents no evidence of this beyond his own assertions. The detainer form itself states that the detainer "does not limit [the institution's] discretion in any decision affecting the offender's classification, work and quarter assignments, or other treatment which he or she would otherwise receive." (Moore Decl., Ex. C.) Thus, any alleged negative impact comes from the Institution itself, not from the detainer. For these reasons, Cuesta has not shown that he is in custody in violation of the constitution or laws of the United States and thus his habeas petition must be dismissed. *See* § 2241(c)(3).

### 2.3 Exhaustion of Administrative Remedies

Finally, Cuesta has not shown that he exhausted all available administrative remedies. Although not statutorily required for a habeas petition under § 2241, federal courts generally require that prisoners exhaust all available administrative remedies before seeking habeas relief. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Exhaustion protects the authority of administrative agencies and promotes judicial efficiency. *Id.* at 1017.

This rule, however, is not absolute and the court has found that individual interests demand that exhaustion be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Id.* at 1016 (citing *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Cuesta has not shown that he has sought relief from immigration officials or otherwise exhausted all available administrative remedies before seeking habeas relief. Nor has Cuesta shown a reason to excuse him from the general exhaustion requirement. For these reasons, Cuesta's petition should also be dismissed on exhaustion grounds.

Finally, in accordance with 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, I find that Cuesta has failed to make a substantial showing of a denial of a constitutional right and therefore will deny him a certificate of appealability. Of course, Cuesta retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of May, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge